JESSE N. BOLLES, receiver &c., *vs.* JOHN A. DUFF and others.

The act of April 25, 1867, by which section 268 of the Code of Procedure is so amended as substantially and in effect to allow an appeal, before final judgment, directly to the general term, from an interlocutory decision or judgment directing an accounting, or further proceedings, before final judgment, cannot have, or be regarded as having a *quasi ex post facto* operation, so as to give the right to make the motion for a new trial allowed by such act, in a case where the interlocutory decision or judgment was made prior to the passage of that act.

In such cases, the interlocutory decision or judgment can be reviewed only in the manner prescribed and allowed by the law existing when such decision or judgment was made.

It is no answer, in such a case, to say that the attorney for the plaintiff submitted the papers to the general term, without taking the objection.   His consent cannot give the general term the power or right to review the interlocutory decision in a way not allowed by the law in force when the decision was made.

Without reference to the question of *power* or jurisdiction to examine and decide a motion for a new trial, on the merits, before final judgment, the practice was well settled, prior to the amendment of 1867, that, irrespective of the consent or wishes of counsel, the general term would not hear an appeal from an interlocutory decision or judgment providing for an accounting &c. before final judgment; that the court would protect itself from being placed in a position of liability to be compelled to hear an appeal from an interlocutory judgment, and a final judgment, both, in the same action.

MOTION by the defendant Duff for a new trial, under section 268 of the Code of Procedure, as amended by the act of April 25, 1867. (*Laws of* 1867, *ch.* 781, § 9.)

*By the Court,* SUTHERLAND, J. When this case was called at the last April general term, upon the plaintiff's appearing and answering by his attorney or counsel, Mr. Thayer, and upon no one appearing or answering for the defendant Duff, and upon Mr. Thayer's expression of a disinclination to take the defendant Duff's default, and asking the court to permit him to submit his printed points with copies of the case and other papers, with permission for the attorneys or counsel of the defendant Duff also to submit printed points with such other papers as they might wish to submit, the court permitted Mr. Thayer to do so, and directed him to give notice to the attorneys or counsel of the defendant Duff of such submission and permission. Soon after, we were furnished with proof that written notice of such submission and permission had been given, a day or two after such submission, to the defendant Duff, to his attorneys and to Mr. Graham as his counsel.

So far as I am informed, no points or other papers in this case were submitted or handed up for or in behalf of the defendant Duff, before the adjournment of the general term; nor, so far as I am informed, has or have the defendant Duff, his attorneys or counsel, ever in any way availed himself or themselves of the permission or privilege thus given by the court, of which it seems they had notice.

If the views presently to be expressed as to our proper disposition of this case are correct, and should be concurred in by my associates, as it is to be presumed if any points had been submitted for the defendant Duff, that, like those of the plaintiff's counsel, they would have been on the merits, and confined to merits, it is gratifying to see that the defendant Duff cannot possibly suffer from this seeming disregard of the courtesy of the court.

---

Bolles *v*. Duff.

---

When looking into the papers submitted, it appears that this is a motion for a new trial by the defendant Duff, under section 268 of the Code, *as amended by the act of April 25, 1867.*

By this act the first paragraph of section 268 was amended, so as to allow and provide for a motion for a new trial at general term on a case or exceptions, where the decision of the court, filed under section 267, does not authorize final judgment, but directs further proceedings before a referee or otherwise; that is, by the act of 1867 section 268 was so amended as substantially and in effect to allow an appeal, before final judgment, directly to the general term, from an interlocutory decision or judgment directing an accounting or further proceedings before final judgment.

It further appears from the papers submitted that this action was tried before Judge POTTER at special term, and that an interlocutory decision or decree was made by him, in it, on the 29th day of June, 1866, by which the defendant Duff was decided and declared to be a mortgagee and trustee in possession of certain property, and liable to account, &c., and by which a reference was made to a referee named, to take and state the account upon certain principles stated, and by which the question of costs, and all questions except those settled by the interlocutory decision, were reserved until the coming in of the referee's report.

It does not appear that the referee has ever reported, or that there has yet been any final judgment in the action, and the presumption is that the accounting is now going on before the referee named, or some other referee.

Now it is not necessary to cite cases to show that before this amendment of section 268, in April, 1867, no such motion as this was provided by law, or could be made; that there was no practice, provision of the Code or prin-

ciple of law allowing it. I think it may be said that our authority to decide this motion on the merits must rest solely on this amendment.

The question is, then, whether this amendment in April, 1867, can have, or should be regarded as having, a *quasi ex post facto* operation, and gives the right to make the motion for new trial allowed by the amendment, when, as in this case, the interlocutory decision or judgment was made, nearly a year before the amendment.

Upon general principles it would seem that the amendment ought not to be regarded as affecting the right of parties attached, and as they had attached or were fixed, prior to the amendment.

It would seem to be clear from *The People* v. *Carnol*, (6 *N. Y. Rep.* 463,) and *Ely* v. *Holton*, and *Humphrey* v. *Parsons*, considered and decided together, (15 *id.* 595,) that the interlocutory decision or judgment in this case can be reviewed · only in the manner prescribed and allowed by the law as it was when the interlocutory decision or judgment was made.

It is no answer to say that the attorney for the plaintiff submitted the papers without taking the objection. This consent cannot give the general term the power or right to review the interlocutory decision in a way not allowed by law when the decision was made. I think it is a question of power—of jurisdiction, to review the interlocutory decision, in the way it is sought to be reviewed by this motion.

*Beebe* v. *Griffing* (6 *N. Y. Rep.* 465) was submitted on printed arguments, and no objection was taken to the appeal by the respondent, but the court dismissed the appeal, holding that they had no authority to review the intermediate order in that stage of the case.

But, in my opinion, it is not necessary to say, in this case, that we have not power or jurisdiction to examine and decide this motion on the merits.

The practice was perfectly settled, by repeated decisions, before the amendment referred to, that the general term would not, irrespective of the consent or wishes of counsel, hear an appeal from an interlocutory decision or judgment providing for an accounting or other further proceedings before final judgment; that the court would protect itself from being placed in a position of liability to be compelled to hear an appeal from an interlocutory judgment and a final judgment, *both,* in the same action.

I have omitted to state that it appears from the papers submitted, that the plaintiff, and the defendant Duff, both noticed the motion for argument on the case and exceptions at the April general term.

The motion should be denied, and the case and exceptions be dismissed, without costs to either party, on the ground that the amendment which has been referred to does not apply to the case, nor authorize this motion; without considering whether the interlocutory decision or decree in the case was or was not erroneous—a question which I have not at all looked into.

[NEW YORK GENERAL TERM, June 7, 1869.   *Clerke, Ingraham* and *Sutherland,* Justices.]